IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELMORE S. WELCH, JR.,           :

      Plaintiff,                :

vs.                         :     **CIVIL ACTION 09-0534-WS-C**

ERIC HOLDER, et al.,         :

      Defendants.          :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a self-styled complaint commencing this action.  Due to plaintiff's complaint being filed without payment of the filing fee or the filing of a motion to proceed without prepayment of fees, his action was referred to the undersigned who ordered plaintiff to either pay the fee or file said motion on the Court's form.[1]  (Doc. 2).  Plaintiff elected to pay the $350 filing fee.  (Doc. 3).  In finding that plaintiff complied with the Court's order and then in reviewing the complaint, the undersigned finds that the Court lacks subject matter jurisdiction over this action, which is a matter that can be raised at anytime by the Court.  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Accordingly, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

---

[1]Plaintiff's action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).  Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters.

**I.  Nature of Proceedings.**

    **A.  Present Complaint.**

Plaintiff's complaint is not a typical complaint in that it is a collection of documents, three of which contain text.  Plaintiff is aware of the requirements for pleading a complaint because he has litigated in this Court before and in <u>Welch v. Comcar Industries, et al.</u>, CA 02-0682-CG-C (S.D. Ala. Feb. 5, 2003), the Court provided plaintiff with <u>The Pro Se Litigation Guide</u> which advises a <u>pro</u> <u>se</u> plaintiff of the requirements for pleading a complaint in federal court and for litigating an action.  This guide is still available in the Clerk's Office.

Because the narrative aspect of the complaint is relatively brief, portions of it are set out below.

<u>A MANDATORY COMPLAINT</u>

[T]his case is most likely worst case that been place on recode concerning Federal Clerk's Federal Judges, and the Department of Justice.
This type of case is Mr. Eric Holder, moral obligation of duty to in force the law, The Department of Justice have been notify 12 time of this matter, no legal matter has yet taking place, . . . , there are to many people who pay taxes dollar never get No legal service from our legal system, this is one case must be Investigate for the good of the people, people rights are more so Important then taking money under table. . . .

<u>MOTION THIS COURT</u>

[T]his case has Linger for eight years, these Federal Judges have broke all laws could be broking to dismiss this case, I don't know if there was payment under the table are not, by the Defendants, but the Plaintiff do fill some one must

2

> have receive some thing, because I never seem a Company
> not have too come to Court in eight years to discuss a
> Contract of Medical Policy on record, but if Federal Court fell
> there is not ground to INVESTIGATE THIS COMPANY
> then so be it, as long as I get paid for my Medical Contract
> Policy, I don't care.
>           UNDER ARTICLE III OF THE CONSTITUTION a
> lower Court must respond to a higher Court Order, in which
> The U.S. District Court fail to respond to the Plaintiff, the
> Plainiff is order a <u>Judgement</u> by <u>Default</u>, this case must be
> handler in the U.S. District Court of Mobile, Alabama this
> Court fail to do so with in the 90 days by law.

(Doc. 1 at 1 & 2).

Then in a letter to the State Capitol in Montgomery, Alabama, plaintiff reveals his

underlying claim - he has "challenged all avenues regarding [his] Contract Policy that

[he] enrolled in for [his] personal protection while on the job working with Coastal

Transportation and Comcas Inc."  (<u>Id.</u> at 3).  He maintains that "U.S. District Judge

William H. Steele stated that this was a Tort claim Case and that it must be paid off,[2] This

was because the Policy was a Private Contract that Employees paid into with Company

(in case an Employee became Disabled and unable to work)."  (<u>Id.</u>).  Plaintiff also states

Judge Sonja F. Bivins, Judge Kristi K. DuBose, Judge Richard W. Robert, and Fred

Elmore should be held liable because they did not "address the case properly."  (<u>Id.</u>).

---

[2]The Court was unable to find where Judge Steele concluded that payment needed to made.  <u>See</u> <u>Welch v. Comcar Industries</u>, CA 03-0281-B (S.D. Ala. Oct. 14, 2004) (order entered January 20, 2004 (doc. 20) before the parties consented to the magistrate judge handling the case), <u>aff'd</u>, No. 04-15746 (11th Cir. June 20, 2005)

The persons named as defendants are: United States Attorney General Eric Holder, Assistant United States Attorney Fred Elmore, United States District Judges Richard W. Robert and Kristi K. DuBose, Magistrate Judge Sonja F. Bivins, and Clerks Jeffrey Atkins, Ann McCamey, Thomas K. Khan, and Erik Fossum.  (Id. at 1).  Attached to the complaint is a copy of plaintiff's 2001 Benefits Enrollment/Change Form indicating his selection of voluntary disability income protection, option 2, which would provide him $310 a week and for which he paid a weekly amount of $11.98.  (Id. at 7).

**B.  Litigation History.**

**1.  Welch v. Comcar Industries, et al., CA 02-0682-CG-C (S.D. Ala. Feb. 5, 2003).**

On September 4, 2002, plaintiff filed an action against Comcar Industries and Cheryl L. Jones of Disability Determination Service.  This action was dismissed for failure to pay the $150.00 filing fee.  (Doc. 11).  After dismissal, plaintiff tendered the filing fee on April 25, 2003.  (Doc. 13).  Because the case was closed, the Court ordered the fee returned to him if a new complaint was not filed by a certain date and directed the Clerk to send him The Pro Se Litigant Guide.  (Doc. 14).

**2.  Welch v. Comcar Industries, et al., CA 03-0281-B (S.D. Ala. Oct. 14, 2004), aff'd, No. 04-15746 (11th Cir. June 20, 2005).**

On May 7, 2003, plaintiff filed an action against Comcar Industries and Coastal Transportation Company and paid the filing fee.  The defendants were served.  (Doc. 9). In an order denying defendants' motion to dismiss or, in the alternative, a motion for a more definite statement, the Court concluded that plaintiff was bringing a claim for

4

breach of contract for defendants' failure to pay plaintiff pursuant a "Contract Policy" under which he had enrolled.  (Doc. 20).  Whereas, defendants wanted to dismiss the complaint for lack of subject matter jurisdiction because workers' compensation was the sole remedy available to plaintiff for an injury from on an on-the-job injury.  (Doc. 14).  The Court found at that stage the complaint did not support a claim for a recovery for an on-the-job injury (Doc. 20 at 5) and that the complaint while "imprecise and sparsely written [was] not unintelligible[.]"  (Id. at 6).  Defendants' motion for a more definite statement was therefore denied.  (Id. at 7).  Subsequently, plaintiff failed to participate in discovery and a conference, which resulted in the imposition of the sanction of dismissal with prejudice of his action pursuant to Rule 37(b)(2) and Rule 41(b) of the Federal Rules of Civil Procedure.  (Doc. 46).

On appeal, on June 21, 2005, the Eleventh Circuit Court of Appeals determined that the magistrate judge did not abuse her discretion in dismissing the action with prejudice, citing five instances where the plaintiff did not obey the Court's orders, and therefore it affirmed the dismissal.  (Doc. 51 at 5).

3.  **Welch v. Atkins, et al., CA 06-0822-KD-B (S.D. Ala. Jan. 5, 2007).**

Next, on November 19, 2006, plaintiff filed a complaint against Jeffrey Atkins and Ann McCamey, clerks for the United States Supreme Court.  This action was transferred to the District of Columbia where it was dismissed by United States District Judge Richard W. Roberts.  Welch v. Atkins, et al., CA 07-0057-RWR, 2007 WL 3171354 (D.D.C. Oct. 26, 2007).  Judge Roberts found that defendants were entitled to immunity

from damages for their refusal to accept plaintiff's petition for a writ of certiorari and that a lower court could not issue a mandamus to a higher court.  (Doc. 8 at 1).  Fred Elmore Haynes represented the United States Attorney's Office.

## II.  Analysis.

### A.  Legal Standard.

The Court's first consideration in reviewing any action is whether it has subject matter jurisdiction over the action.  United States v. Denedo, ___ U.S. ___, ____, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009).  A federal court is a court of limited of jurisdiction which is authorized by the Constitution or Congress to hear only certain types of actions.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith, 236 F.3d at 1299.  "[A] federal court should inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings. . . [and] is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 2000) (citations omitted).  "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

It is a plaintiff's responsibility in a federal civil action to set forth in the complaint the basis for the Court's subject matter jurisdiction.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."); Kirkland Masonry, Inc. v. Comm'r, 614 F.2d 532, 533 (5th Cir. 1980) (same).[3]  Furthermore, Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]"[4]

---

[3]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[4]Rule 8(a) of the Federal Rules of Civil Procedure (2007) states:

(a) Claim for Relief.  A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

7

When a court considers dismissal for lack of subject matter jurisdiction, it accepts the "well-pled facts as true, [but] is not required to accept a plaintiff's legal conclusions." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).  To determine the complaint's sufficiency, the court draws reasonable inferences in favor of plaintiff, but it is not required to arrive at plaintiff's inference.  Id.  Moreover, the court does not accept as true conclusory allegations of fact.  Ashcroft v. Iqbal, ___U.S. ___, ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009).

When addressing a  pro se litigant's allegations, the Court gives them a liberal construction by holding them to a more lenient standard than the those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 819 (1972). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**B.  Lack of Subject Matter Jurisdiction**.

In examining plaintiff's complaint the Court is unable to discern a basis for its subject matter jurisdiction.  Plaintiff has not identified any statutes or mentioned any bases for the Court's jurisdiction, nor has he pled facts that reflect a federal claim.  Without any guidance being provided by the complaint, the Court will examine the two most common

8

bases for this Court's jurisdiction.

The two most common bases for federal subject matter jurisdiction are diversity-of-citizenship jurisdiction and federal-question jurisdiction.  In regard to diversity-of-citizenship jurisdiction, the federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1) (2005).  The Court is aware that two of the defendants are citizens of the Alabama, namely, District Judge DuBose and Magistrate Judge Bivins, who are judges with this Court.  And it appears that plaintiff is a citizen of Alabama.  Thus, all of the defendants are not diverse from plaintiff.  The mere presence of one non-diverse defendant destroys diversity-of-citizenship jurisdiction.  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052-53, 141 L.Ed.2d 364 (1998).  Accordingly, the Court finds that it does not have diversity-of-citizenship jurisdiction over plaintiff's action.

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction."  Wyke v. Polk County School Bd., 129 F.3d 560, 566 (11th Cir. 1997).  Under federal-question jurisdiction, district courts are given "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (1980).  "In general, a case 'arises under' federal law if federal law creates the cause action. . . ."  Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  "Under the longstanding well-pleaded complaint rule, however, a suit arises under federal law only when the plaintiff's statement

9

of his own cause of action shows that it is based upon [federal law]." <u>Vaden v. Discover Bank</u>, ___U.S. ___, ___, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (quotation marks omitted and brackets in original). That is, a court is required to look at the complaint to determine based on the face of the complaint whether the complaint contains a claim arising under federal law. <u>Pacheco de Perez </u>, 139 F.3d at 1373.

Examining plaintiff's complaint, the Court is struck by the three documents containing text in that they do not resemble a complaint. (Doc. 1 at 1-3). But it is from these that the Court must construe plaintiff's claims. The present action was filed on August 18, 2009 and the first document containing text is dated June 5, 2009. (<u>Id.</u> at 1). This document seeks to have an investigation conducted by the Federal Bureau of Investigation for Eric Holder's and the Department of Justice's failure to act after being notified twelve times about his case in regard to federal clerks, federal judges, and the Department of Justice. (<u>Id.</u> at 1). In the second document containing text, dated September 15, 2008, he complains that his case has lingered for eight years and the company had not come to court[5] so he believes that the judges have broken laws and possibly someone has received something. (<u>Id.</u> at 2). He continues that if the federal court feels there are no grounds on which to investigate this company then "so be it." (<u>Id.</u>). The remainder of the narrative is unintelligible except that plaintiff believes he is entitled to a

---

[5]This statement contradicts the fact that two companies were indeed in court and filed responses to plaintiff's complaint in <u>Welch v. Comcar Industries, et al.</u>, CA 03-0281-B (S.D. Ala. Oct. 14, 2004), <u>aff'd</u>, No. 04-15746 (11th Cir. June 20, 2005). This action was resolved unfavorably to plaintiff based on his non-complying behavior, which warranted the sanction of dismissal with prejudice rather than a decision on the legal issues.

default judgment. (Id.). The third document containing text, dated February 12, 2009, requests Alabama's governor and attorney general to protect Alabama's money that is being misused for workers' compensation. (Id. at 3).

Plaintiff appears to want an investigation into a matter that he has previously unsuccessfully litigated and into workers' compensation funds and contracts, and a default judgment. Even though plaintiff has made these requests and sundry allegations, he has not shown how each named defendant has violated a constitutional or federal right. Whereas, to state a claim for relief, he must plead a claim that is plausible on its face. See Iqbal, ___U.S. at ___,129 S.Ct. at 1949 ("A claim has facially plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Moreover, he has not identified the relief that he seeks from each defendant, that is, the sought-after investigation is not to be conducted by any defendant but by other parties. Moreover, requesting an investigation be conducted by many of the named defendants is an inappropriate request for relief because conducting an investigation is beyond the scope of their duties.

The Court is of the opinion that plaintiff's complaints concerning the handling of his prior litigation, now made so late in the day, are matters that he should have brought up in one of his previously filed actions. There comes a point when the litigation on a matter becomes final. Plaintiff's litigation on his disability insurance claim became final when the Eleventh Circuit Court of Appeals affirmed the ruling by the district court that his action was dismissed with prejudice for his failure, five times, to comply with the Court's

11

orders.  See Fed.R.Civ.P. 41(b) (a dismissal under Rule 41(b) operates a dismissal on the merits).

If plaintiff wants an investigation, he does not have to file a lawsuit.  He should direct his inquiry about a matter to an appropriate agency that conducts investigations, such as the Federal Bureau of Investigation, which can then assess plaintiff's information and determine what action, if any, should be taken.

Furthermore, in light of the fact that no defendant has been served in this action, a default judgment is not warranted.  See Muegge v. Heritage Oaks Golf and Country Club, Inc., 209 Fed. Appx. 936, at **2 (11th Cir. 2006) (unpublished) (motion for default judgment was properly denied where defendants had not been properly served).  Based upon the foregoing reasons, the undersigned concludes that there is not a federal claim alleged by plaintiff to support the Court's federal-question jurisdiction.

In the alternative, if the Court had been able to discern a federal claim, as best the Court can determine, the claim would be insubstantial or frivolous.  Whereas, a federal claim must be "substantial" to confer federal subject matter jurisdiction.  Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1291-92 (11th Cir. 2004).  Claims that are "wholly insubstantial and frivolous" cannot give rise to federal-question jurisdiction.  Southpark Square Ltd. v. City of Jackson, Miss., 565 F.2d 338, 342-43 (5th Cir.) (a federal claim "must be more than frivolous to support federal question jurisdiction" and can satisfy this threshold only if "there is any foundation of plausibility to the claim"), cert. denied, 436 U.S. 946 (1978).

12

In the present action, each defendant is employed in a position that would entitled him or her to immunity from damages.  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) (Even though a judge's act "was in error, was done maliciously, or was in excess of his authority," a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the 'clear absence of all jurisdiction'); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same);  Imbler v. Pachtman, 424 U.S. 409, 430-31, 433, 96 S.Ct. 984, 995, 1092 (1976) (a prosecutor is entitled to absolute immunity when sued for acts or omissions associated with the judicial process in order to protect "a central actor in the judicial process" so his performance will not be impaired); Thomas v. City of Peoria, 580 F.3d 633, 638 (7th Cir. 2009) (prosecutors are entitled to absolute prosecutorial immunity "[w]hether the law being enforced is civil or criminal or something in between"); Hyland Kothage, 267 Fed. Appx. 836, at **6 (11th Cir. 2008) (unpublished) ("Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.'"),[6] cert. denied, 129 S.Ct. 178 (2008); Welch v. Atkins, CA No. 07-0057, 2007 WL 3171354 (D.D.C. Oct. 26, 2007) (finding that Welch is not entitled to relief from the Supreme Court clerks because, among other things, they are entitled to immunity)

---

[6]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

13

Here, plaintiff's dealings with each defendant appear to have occurred when each defendant was performing his or her official duties, based on the Court's records from plaintiff's prior litigation and his statements in his complaint. Although the exact nature of a claim against most of the defendants was not provided, the Court concludes that some form of immunity would more than likely be available to each defendant, thereby rendering this action insubstantial or frivolous. The Court's federal-question jurisdiction would then not be invoked.

**III. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.[7] See Peart v. Shippie, 2009 WL 2435211, at *2 (11th Cir. Aug. 11, 2009) (unpublished) (dismissed without prejudice upon a finding of lack of subject matter jurisdiction); DiMaio v. Democratice Nat'l Comm. 520 F.3d 1299, 1303 (11th Cir. 2008) (same).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 8th day of December, 2009.

s/WILLIAM E. CASSADY

---

[7]The Court has considered whether other legal doctrines would preclude plaintiff's claims from proceeding, e.g., res judicata or collateral estoppel. Because plaintiff requests investigations and a default judgment, which are different from his prior claims, against defendants, who are different from defendants in his prior actions except for two clerks, these legal doctrines appear inapplicable at this time and, therefore, will not be discussed.

14

**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE